Cooper, J.,
delivered the opinion of the conrt;
On the 31st of July, 1872, the plaintiff in error, Allen Barnes, filed his petition in the circuit court of Houston county, against the Louisville and Nashville Railroad Company, asking for the appointment of commissioners to assess the damages sustained by him by the location of the Memphis, Clarksville and Louisville Railroad through his land. The statement of the petition is that the Memphis, Clarks-ville and Louisville Railroad Company, a corporation chartered by the general assembly of this state, when they surveyed and located their road in the year 1859, located the same on the petitioner’s land, “and immediately took into their possession one hundred feet in width of petitioner’s land for one-half or three-quarters of a mile, and commenced running their cars over it in August, 1861, and have retained it ever since,” claiming and exercising the right to do so under their charter of incorporation. The petition adds that said railroad company has become extinct, and has been succeeded by the Louisville and Nash *16 ville Railroad Company, wliieli company lias become the owner by purchase of the road. To this petition the defendant demurred: 1st. Because the petition shows on its face that the action is barred by the statute of limitations. 2d. The petition shows that the taking was by the Memphis, Clarksville and Louisville Railroad Company, not by defendant. 3d. That-the petition shows no ground of action against defendant. The judge sustained the demurrer on the second ground, -and plaintiff appealed.
The petition is filed under the provisions of the charter of the Memphis, Clarksville and Louisville Railroad Company, which are the same as those-of the Nashville and Chattanooga Railroad Company. The statutory remedy is exclusive. Colcough v. N. and N. W. R. Co., 2 Head, 172; Tenn. and Ala. R. Co. v. Adams, 3 Head, 699. And the limitation thereof constitutional. Simms v. Memp., Cl. and L. R. Co., 12 Heis., 621. The pro-vision of the charter is, that, in the absence of any contract with the company in relation to- lands through which the road may pass, “it shall be presumed that- the land upon which said road may be' constructed, together with a space of one hundred feet on each side-of the center of said road, has been granted to the company by the owner thereof, and the company shall have good right and title thereto, and shall have, hold and enjoy the same as long as the same be used for the purposes of the road, and no longer, unless the person or persons owning the said land at the time that part of the road which may be on said land was finished, or those claiming under him, her, or them, shall apply for an assessment of the value of said lands, as hereinbefore directed, within, five years next after that part of said road is finished. And in case the said owner or owners, or those claiming under him, her, or them, shall not not apply for such assessment within five years next after the said part was finished, he, she, or they shall be forever barred from recovering the said land, or having any assessment or compensation there *17 for.” There is a proviso in favor of infants and femes covert.
In substance, the statute not only bars the remedy after the lapse of five years from the -completion of the road over (the land, but raises the presumption of a grant of the land by the owner to the company, and gives the company a “good right and title” to the land on-which the road is constructed, and one hundred feet on e^ch side of tbp center of the road. Where the statute of limitation goes only to ’the remedy, the rule in an action at law seems to be that the statute must be pleaded. Maury v. Lewis, 10 Yer., 118; Allen v. Word, 6 Hum., 284. The reason is, that the forms of legal pleading only require in the first instance the statement of the plaintiff’s case as it originally existed, for, non constat, that the defendant will rely on a defense which goes only to the remedy, not the right. The rule was the same in equity so long as the complainant was permitted to file a special relation to a plea or answer. After the practice in equity had been changed so as to allow only a general replication, and a fortiori, where, as in this state, the replication itself was dispensed with, the defendant was permitted to make the defense of the statute by demurrer, if the stateménts of the bill enabled him to adopt that mode. Tor, the only way of avoiding the defense, however made, was by amending the bill.
The rule was otherwise at law than as stated above, where the statute barred the right as well as the remedy, and carried the title of property to the possession. Tor the defense in such cases turned, upon title, and such a title could sustain an action. Kegler v. Miles, M. & Y., 426; Morrow v. Hatfield, 6 Hum., 108. The distinction between barring the remedy and extinguishing "the right is illustrated by the cases under the statute of 1819, first and second sections. Code, secs. 2768, 2765 [Shannon’s Code, secs. 4456 and 4458]. Whether the provisions of *18 the railroad charter quoted above actually clothe the company with the title to the land, or only raise the presumption of a grant from the owner, which may be rebutted, it is not necessary to decide. In either view, the statute does something more than bar the remedy, and the burden is on xhe petitioner without any plea. Under these circum-s< anees, a demurrer will lie to a petition which mates out a prima facie case against the petitioner, and no case against the defendant..
The judgment will be affirmed.